IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____
                                   :
ANTHONY BUSSIE,                    :
                                   :  Civ. Action No. 14-2932 (RMB)
              Petitioner,          :
                                   :
         v.                        :
                                   :
UNITED STATES OF AMERICA,          :
                                   :
              Respondent.          :
_____ :
                                   :
UNITED STATES OF AMERICA,          :  Crim. Action No. 12-0229 (RMB)
                                   :
              Plaintiff,           :
                                   :
         v.                        :  APPLIES TO BOTH ACTIONS
                                   :
ANTHONY BUSSIE,                    :
                                   :
              Defendant.           :
_____ :
```

     This matter comes before the Court upon an application filed

by Anthony Bussie ("Petitioner") and styled as a § 2255 motion

seeking to vacate, set aside, or correct Petitioner's yet to be

imposed sentence in his currently pending criminal matter, United

States of America v. Bussie, Crim. Action No. 12-0229.  See

Bussie v. United States, Civil Action No. 14-2932, Docket Entry

No. 1; United States v. Bussie, Crim. Action No. 12-0229, Docket

Entry dated May 8, 2014 (replicating the same motion).

     Petitioner was indicted for knowingly and willfully

threatening to assault a Congressman.  See United States v.

Bussie, Crim. Action No. 12-0229, Docket Entry 14.  On April 18, 2012, this Court held Petitioner's § 4247(d) competency hearing. See id., Docket Entry No. 15. During the hearing, both parties moved for finding Petitioner incompetent to stand trial on the basis of conclusions reached by a forensic psychology expert who examined Petitioner.  See id., Docket Entry No. 17.  This Court granted the parties' joint application and placed Petitioner in temporary custody with the goal of restoring him to competency. See id.  As of now, Petitioner is still in the process of being transferred to Butner Federal Medical Center for treatment. Prior to being treated, he has he commenced numerous civil rights and § 2255 habeas actions.  See, e.g., Bussie v. Evans, Civil Action No. 13-4316; Bussie v. United States, Civil Action No. 14-2307; Bussie v. New Jersey, Civil Action No. 14-2719; Bussie v. United States, Civil Action No. 14-2932; see also Bussie v. Bush, Civil Action No. 09-6516 (commenced pre-treatment); Bussie v. Bush, Civil Action No. 10-4555 (same); Bussie v. Bush, Civil Action No. 10-4594 (same); Bussie v. United States, Civil Action No. 11-0098 (same); accord Conjured up Entertainment v. United States, Civil Action No. 11-11475 (commenced pre-treatment on behalf of an  juridical entity and upon assertion that the United States owed Petitioner $55 million for intelligence he provided to President Bush); Conjured up Entertainment v. United States, Civil Action No. 11-1854 (same); Conjured up Entertainment v.

<u>United States</u>, Civil Action No. 11-2076 (same); <u>Conjured up</u>

<u>Entertainment v. United States</u>, Civil Action No. 11-2322 (same);

<u>Conjured up Entertainment v. United States</u>, Civil Action No. 11-

2824 (same); <u>Conjured up Entertainment v. United States</u>, Civil

Action No. 11-2751 (same);  <u>Conjured up Entertainment v. Clinton</u>,

Civil Action No. 12-1894 (same, as to President Clinton).

Petitioner's above-cited civil rights matters have been dismissed

for failure to state a claim and terminated until his restoration

to competency.  <u>See</u>, <u>e.g.</u>, <u>Bussie v. New Jersey</u>, Civil Action No.

14-2719, Docket Entry No. 2.[1]  His § 2255 habeas claims have been

dismissed as premature.  <u>See</u>, <u>e.g.</u>, <u>Bussie v. United States</u>,

Civil Action No. 14-2307, Docket Entry No. 4; <u>accord</u> 28 U.S.C. §

2255(a) (only a "prisoner in custody *under sentence* of a court .

. . claiming . . . that the sentence *was imposed* in violation of

the Constitution or laws of the United States" may raise his

---

[1]  No Rule 17(c) <u>pro</u> <u>bono</u> counsel analysis, as detailed in
<u>Powell v. Symons</u>, 680 F.3d 301, 307 (3d Cir. 2012), was required
for the purposes of Petitioner's civil matters since: (a) the
allegations raised in those matters were based on Petitioner's
criminal prosecutions in state and federal fora rather than on
his conditions of confinement; and (b) all his challenges to his
penal actions could be either litigated in those criminal matters
or in civil matters commenced upon Petitioner's restoration to
competency.  <u>See</u> N.J. Stat. Ann. § 2A:14-21 (providing statutory
tolling of civil claims on the bases of minority and insanity);
<u>see</u> <u>also</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387-88 (2007) (civil
rights claims are best characterized as personal injury actions
and, thus, are governed by the applicable state's statute of
limitations); <u>O'Connor v. City of Newark</u>, 440 F.3d 125, 126-27
(3d Cir. 2006) (New Jersey personal injury statute of limitations
applies to the claims raised under § 1983 or under <u>Bivens</u>).

challenges under § 2255) (emphasis supplied).  Mindful of

Petitioner's competency, this Court finds an imposition of

sanctions upon Petitioner inappropriate.  See Hoffenberg v. Bumb,

446 F. App'x 394, 400, n.4 (3d Cir. N.J. 2011) (sanctions might

be inappropriate if the "record before this Court as to [the

litigant's] mental health offers an[] explanation for his actions

in this proceeding, or in [his] other proceedings").  However, in

the interest of judicial economy, this Court will direct the

Clerk to terminate all Petitioner's future § 2255 actions if such

are commenced prior to the entry of his penal sentence in United

States v. Bussie, Crim. Action No. 12-0229.

       IT IS, therefore, on this **12th** day of **May 2014**,

       **ORDERED** that Petitioner's Section 2255 motion, docketed as

Docket Entry No. 1 in Bussie v. United States, Civil Action No.

14-2932, is dismissed as unripe; and it is further

       **ORDERED** that no certificate of appealability shall issue as

to Bussie v. United States, Civil Action No. 14-2932, since

jurists of reason would not find it debatable that this Court was

correct in its procedural ruling, see Slack v. McDaniel, 529 U.S.

473, 484(2000); and it is further

       **ORDERED** that the Clerk shall close the file on Bussie v.

United States, Civil Action No. 14-2932, by making a new and

separate docket entry reading, "CIVIL CASE CLOSED"; and it is

further

**ORDERED** that, in the event Petitioner submits additional Section 2255 motions (either directly or by means of supplemental filings in United States v. Bussie, Crim. Action No. 12-0229), and such submissions are made prior to the entry of the final judgment in United States v. Bussie, Crim. Action No. 12-0229, the Clerk shall commence a new and separate Section 2255 action on the basis of each such submission and close each such newly commenced matter by making a docket entry reading, "CIVIL CASE CLOSED.  PETITIONER'S SECTION 2255 MOTION IS DISMISSED AS UNRIPE PURSUANT TO THE ORDER ENTERED IN BUSSIE v. UNITED STATES, CIVIL ACTION No. 14-2932"; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and upon the plaintiff in United States v. Bussie, Crim. Action No. 12-0229, by means of electronic delivery.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**